IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MIKEL E. TRUMBLY,**

        Petitioner,

    v.            CASE NO. 11-3185-SAC

**JAMES HEIMGARDNER, et al.,**

        Respondents.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner in state custody, proceeds pro se. He seeks habeas corpus relief following the denial of parole.

*Background*

In 1980, petitioner was convicted of first-degree murder and aggravated kidnapping in the District Court of Pratt County, Kansas. In 1999, he was convicted of attempted aggravated battery in the District Court of Reno County, Kansas. The present action arises from the November 2007 denial of parole by the Kansas Parole Board ("KPB").

The Kansas Court of Appeals described the denial of parole as follows:

> In Trumbly's parole review, the board declined to release him based on the violent nature of the underlying offense and his prison record that included both criminal and disciplinary violations. At least some of the disciplinary issues arose between Trumbly's next to last appearance before the board and his appearance in 2007. In other words, Trumbly's record incurred additional blemishes before his 2007 hearing. The board also questioned the adequacy of Trumbly's parole plan and of the steps he had taken within the correctional system to reduce the chances he would reoffend if released. *Trumbly v. Roberts*, 248 P.3d 784

(Table), 2010 WL 174073 at **1-3 (Kan. Ct. App. March 25, 2011)(unpublished order).

Finding petitioner had not established any substantive, legal ground to overturn the denial of parole, the Kansas Court of Appeals denied relief.

### Discussion

"Habeas corpus review is available under § 2241 if one is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)(quoting § 2241(c)(3)). An action pursuant to § 2241 is the proper means to challenge the denial of parole. *Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001). In such an action, "the district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998). Under this standard, the federal court does not reweigh evidence, rule on credibility, or substitute its judgment for the judgment of the parole board. *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989), *cert. denied*, 495 U.S. 958 (1990).

Finally, the court must be mindful that the decision whether to grant parole is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability

of parole release." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9-10 (1979).

In Kansas, parole is a matter of grace and not a right. *Gilmore v. Kansas Parole Board*, 756 P.2d 410 (Kan.), *cert. denied*, 488 U.S. 930 (1988). Accordingly, the KPB has broad discretion in considering candidates for parole, and a Kansas prisoner does not have a protected interest in early release. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009)("the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest").

To the extent petitioner seeks relief on the ground that the decision of the KPB was arbitrary and capricious, the court finds no basis to grant relief. The reasons supporting the decision are identified as "serious nature/circumstances of crime; violent nature of crime; objections; new crimes in institution; disciplinary reports since last seeing the KPB." (State records, p. 45, revised KPB Action Notice dated January 29, 2008.) While petitioner argues he has completed sex offender treatment and has advanced his education while in custody, both commendable achievements, the reasons cited by the KPB are germane to his suitability for release and are not contested. Because the record presents a rational basis for the decision to deny parole, the court may not disturb that decision under the limited standard of review that applies to this action.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 22nd day of October, 2013, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge